# United States District Court
### CENTRAL DISTRICT OF ILLINOIS

Leonard Sharp,  )
Plaintiff )
)
vs. )
)
Chief Downing, Et Al )  Case No. 21-2212
)  (*The case number will be assigned by the clerk*)
)
)
)
)
)
)
)
Defendant(s) )

*FILED NOV 8 – 2021 CLERK OF THE COURT U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS URBANA, ILLINOIS*

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

### COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒  42 U.S.C. §1983 (state, county or municipal defendants)

☐  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐  Other federal law: _____

☐  Unknown _____

_____

*****Please refer to the instructions when filling out this complaint.** Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: _Leonard Sharp, Et AL_

Prison Identification Number: _Don't Know_

Current address: _159 South Clinton Avenue Bradley, Il. 60915_

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: _Chief Downing, Officer_

Current Job Title: _Chief Officer at Kankakee County Jail_

Current Work Address _3000 S. Justice Way Kankakee, Il. 60915_

Defendant #2:

Full Name: _____

Current Job Title: _____

Current Work Address _____

Defendant #3:

Full Name: _____

2

Current Job Title: _____

Current Work Address _____

_____

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe ___N/A_____

___N/A_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   N/A

2. Basic claim made   N/A

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)   N/A

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☐   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☐   No ☒

If your answer is no, explain why not  Was in Segregation and Officers would not accept grievance; was also transferred out.

C. Is the grievance process completed?  Yes ☒   No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Kankakee County Jail

Date(s) of the occurrence  July 19, 2019 — July 26, 2019

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

On or about July 19, 2019, Plaintiff Sharp was arrested and charged with criminal sexual abuse, and was then processed in the facility. He was confined in the New County Jail for about three (3) days; he was then transferred to the Old County Jail in Kankakee.

(1.) On or about July 22, 2019, Plaintiff Sharp was deprived of a basic human need which exposed him to serious harm... Officials failed to protect Plaintiff Sharp after inmates informed Officers of their intent to assault Plaintiff. Further, after the inmates informed the Officers of the planned assault, nevertheless, the Officers placed Plaintiff Sharp in General Population.

(2.) Plaintiff was placed in general population, and after the doors were unlocked for recreation, five inmates confronted Plaintiff regarding the facts of the alleged criminal sexual abuse charges that were lodged against Plaintiff Sharp.

5

(3.) Subsequently, the same five (5) inmates whom informed the Officers of the plan to attack Plaintiff, then carried out the assault. The Officers involved watched the assault from the safety of their station; the Doctor at the County Jail also viewed the video showing the assault and said; "I don't know how you survived the assault and its a true miracle that you were able to be standing on your feet."

(4.) The injuries that Plaintiff had were serious, i.e., he sustained injuries to the face area; injuries to the upper and lower torso; in addition, serious injuries to the extremities. He was on bed rest for approximately one week.

(5.) Moreover, after bed rest Plaintiff requested to see the Doctor, however, he was transferred out to Aledo, Il. Once at the new facility, Plaintiff requested to see a Doctor, which was granted. The Doctor then prescribed pain medication, and anti-biotics to reduce the swelling and best rest was suggested for another week. Plaintiff's legs and teeth and shoulders never were treated properly. As a result, said injuries are current issues which affects day to day moments/activities.

(6.) At the time that Plaintiff was arrested, Chief Downing was in charge of that facility in Kankakee. However, before submitting this Complaint, Plaintiff requested the names of the acting Chief and the Officers involved, his request was denied. For that reason, the Court will have to compel discovery in order to help resolve this particular concern.

RELIEF REQUESTED

(State what relief you want from the court.)

1.) Compensatory Damages in the amount of one million dollars. 2.) Punitive Damages in the amount of one million dollars and/or whatever the Court deems appropriate ... to prevent the Defendants from depriving another human of safety and the deprivation of the Eighth Amendment.

JURY DEMAND    Yes [X]    No [ ]

Signed this __05__ day of __November__, 20_21_.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Address: | Telephone Number: |